**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY FLORIDA**

SALVATORE SOLLECITO CASE NO.:

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION
and THE CLOROX COMPANY

Defendants.
______________________________/

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

## COMPLAINT

COMES NOW, the Plaintiff, SALVATORE SOLLECITO ("Plaintiff"), by and through his undersigned counsel hereby files this Complaint against Defendants COSTCO WHOLESALE CORPORATION and THE CLOROX COMPANY and further alleges:

## JURISDICTION

1. The amount in controversy in this matter exceeds $75,000.
2. Plaintiff, SALVATORE SOLLECITO (hereafter "SOLLECITO" of "Plaintiff"), is a citizen and resident of the city of Margate, County of Broward, and State of Florida.
3. Defendant COSTCO WHOLESALE CORPORATION (hereafter "COSTCO" collectively the "Defendants") is a Washington corporation headquartered in Issaguah, Washington, registered to do business in the State of Florida with the Florida Secretary of State, and operating in Broward County, Florida
4. Defendant THE CLOROX COMPANY (hereafter "COSTCO" collectively the "Defendants") is a Delaware Corporation headquartered in Oakland, California.
5. All relevant events occurred in the County of Broward, and State of Florida.
6. The location of the real property that is the subject of the events of this Complaint is in the County of Broward, State of Florida.

7. This Court has jurisdiction over the subject matter of this action and over the person of all parties. Venue is properly laid in this Court.

**STATEMENT OF FACTS**

8. On or about May 13, 2020 Plaintiff SOLLECITO went shopping at a store owned and operated by Defendant COSTCO located at 1800 W Sample Road, Coconut Creek, FL 33064 in Broward County, Florida with his girlfriend.
9. Plaintiff SOLLECITO's girlfriend is a COSTCO member.
10. The premises are located at 1800 W Sample Road, Coconut Creek, FL 33064 in Broward County, Florida.
11. Defendant COSTCO is the registered owner on the title deed and property records for 1800 W Sample Road, Coconut Creek, FL 33064.
12. On or about May 13, 2024 Plaintiff went to the purchase some bleach with his girlfriend from the COSTCO store located at the premises described above.
13. The Plaintiff grabbed a 3 pack box of bleach from the shelf manufactured and distributed by Defendant CLOROX and sold by Defendant COSTCO and placed it in his girlfriend's cart.
14. The box of bleach had some cosmetic damage to the exterior of the packing but looked otherwise intact.
15. The Plaintiff and his girlfriend proceeded to purchase the bleach from the checkout counter.
16. The Plaintiff and his girlfriend immediately proceeded to his vehicle in the parking lot on the premises owned by Defendant COSTCO.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

17. Upon removing the 3 pack of bleach from his cart to place into his vehicle, the bleach containers inside exploded causing bleach to splash all over the Defendant.
18. As a result of the incident, the Defendant's vehicle was damaged.
19. As a result of the exposure to bleach the Defendant suffered severe chemical burns and was severely injured.
20. The Defendant has received medical treatment for these chemical burns.
21. The Plaintiff has been significantly disfigured by the chemical burns and shall require continued medical treatment.
22. Plaintiff has suffered monetary damages for medical treatment due to his injuries, disfigurement, and pain and tingling from the chemical burns.

**COUNT I: BREACH OF DUTY OF CARE OWED TO INVITED LICENSEE/INVITEE AS TO DEFENDANT COSTCO**

23. Plaintiff incorporates by reference paragraphs 8-22 of this Complaint as if fully reinstated herein.
24. Plaintiff was invited by Defendant COSTCO to conduct business at the store owned and operated by the Defendant COSTCO during regular business hours.
25. Defendant was injured on COSTCO property.
26. Under Florida law, a person invited to conduct business is owed the duty of care owed to an invitee.
27. Under Florida law, a property owner has "two duties toward invitees: 1) to keep his property in reasonably safe conditions and to protect the invitee from dangers which he is or should be aware; and 2) to warn the invitee of concealed dangers which are or should be known to the owner or occupier and which are unknown to the invitee and cannot be

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

discovered by him through the exercises of due care." *Levy v. Home Depot, Inc.*, 518 So. 2d 941, 942 (Fla. 3d DCA 1987).

28. Defendant COSTCO had a duty to ensure that as an invitee, the Plaintiff would not have a hidden danger such as a damaged bleach package that would explode and leak on him. Defendant COSTCO had a duty to warn the Plaintiff that the bleach package was damaged and could injury him. Defendant COSTCO had a duty to keep their store in an organized and orderly manner, to maintain their product, and to warn of any hidden dangers.

29. Defendant COSTCO should have known the bleach package was damaged. The loading team, shelf stockers, and check out cashiers all should have noticed the damaged packaging and warned the Plaintiff

30. Defendant COSTCO should have also provided warning to employees to not allow customers to touch damaged good that contain harmful chemicals.

31. Defendant could not have known that the bleach package was damaged on the inside as it appeared to be only cosmetic damage. However, the Defendant COSTCO should have been able to see this risk as the Defendant COSTCO accepted delivery and stocked the shelf.

32. Defendant COSTCO breached its duty to an invitee by not warning of the hidden damage to the bleach containers inside the box.

33. Defendant also breached its duty by not training its employees to not allow customers to handled damaged goods that contain dangerous chemicals.

34. In addition Defendant COSTCO breached its duty by not maintaining its store in an organized manner free from hazards.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

35. Therefore, the Plaintiff seeks damages for the injuries suffered from the Plaintiff's chemical burns, for pain and suffering, and for damages to his property.

**COUNT II: NEGLIGECE AGAINST DEFENDANT COSTCO**

36. Plaintiff incorporates by reference paragraphs 8-22 of this Complaint as if fully reinstated herein.

37. The Defendant COSTCO at minimum owed Plaintiff a duty of reasonable care when he was shopping at its store.

38. A reasonable employer would not have permitted employees to stock damaged goods and then allow customers to purchase damaged goods that contain hazardous chemicals. A reasonable employer would also train employees to provide warning to customers about hidden dangers such as damaged goods that contain hazardous chemicals.

39. Defendant COSTCO breached that duty of reasonable care by allowing its employees to stock damaged goods and then sell those same goods that contain hazardous chemicals to customers. Defendant COSTCO also breached that duty of reasonable care when neither it nor its employees provided warning to Plaintiff.

40. Defendant COSTCO could reasonably foresee the risk of keeping of stocking and selling damaged goods containing hazardous chemicals to customers.

41. The Plaintiff's injury was a direct result of being sold a damaged bleach container that then proceeded to explode on him which Defendant COSTCO stocked.

42. Therefore, the Plaintiff seeks damages for the injuries suffered from chemical burns, for pain and suffering, and for damages to his property.

**COUNT III: VICARIOUS LIABILITY AS TO DEFENDANT COSTCO**

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

43. Plaintiff incorporates by reference paragraphs 8-23 of this Complaint as if fully reinstated herein.
44. Defendant COSTCO's employees owed the Plaintiff a duty of reasonable care.
45. Defendant COSTCO's employee breached this duty when they stocked the shelf with a damaged bleach container and then proceeded to sell the damaged bleach container to the Plaintiff.
46. A reasonable employee would not have stocked a damaged bleach package nor proceeded to allow a customer to purchase that damaged bleach package because it contained a hazardous chemical.
47. The injuries suffered by the Plaintiff was a direct result of a COSTCO employee stocking and selling a damaged bleach package.
48. The employee should have reasonably foreseen that a damaged bleach package could injure the Plaintiff and cause chemical burns.
49. The Defendant COSTCO's employees were negligent when they stocked the damaged bleach container and sold it to the Plaintiff.
50. The Defendant COSTCO's employees stocking and selling of the damaged bleach container was in course of business for the Defendants' employee.
51. As the employer of the of the employee, the Defendant COSTCO is vicariously liable for the conduct of its employees.
52. Therefore, the Plaintiff seeks damages for the injuries suffered from chemical burns, for pain and suffering, and for damages to his property.

**COUNT IV: NEGLIGECE AGAINST DEFENDANT COSTCO**

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

53. Plaintiff incorporates by reference paragraphs 8-22 of this Complaint as if fully reinstated herein.
54. The Defendant COSTCO at minimum owed Plaintiff a duty of reasonable care when he was shopping at its store.
55. A reasonable employer would not have damaged goods during transport or stocking and then placed in on the shelf for sale.
56. Defendant COSTCO breached that duty of reasonable care by allowing its employees to damage goods in transport or during stocking and then sell those same goods that contain hazardous chemicals to customers.
57. Defendant COSTCO could reasonably foresee the risk of damaging containers that contain dangerous chemicals and then placing them on the shelf for sale.
58. The Plaintiff's injury was a direct result of being sold a damaged bleach container that then proceeded to explode on him which Defendant COSTCO caused to become damaged.
59. Therefore, the Plaintiff seeks damages for the injuries suffered from chemical burns, for pain and suffering, and for damages to his property.

**COUNT V: VICARIOUS LIABILITY AS TO DEFENDANT COSTCO**

60. Plaintiff incorporates by reference paragraphs 8-22 of this Complaint as if fully reinstated herein.
61. Defendant COSTCO's employees owed the Plaintiff a duty of reasonable care.
62. Defendant COSTCO's employee breached this duty when they damaged the bleach container during transport or stocking and then proceeded to stock on the shelf for sale.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

63. A reasonable employee would not have damaged a bleach container and then stocked in the shelf for sale.

64. The injuries suffered by the Plaintiff was a direct result of a COSTCO employee damaged a bleach container and then stocking it for sale anyway.

65. The employee should have reasonably foreseen that a damaged bleach package could injure the Plaintiff and cause chemical burns.

66. The Defendant COSTCO's employees were negligent when they damaged the bleach container and stocked it anyway for sale to the Plaintiff.

67. The Defendant COSTCO's employees damaging and stocking of the damaged bleach container was in course of business for the Defendants' employee.

68. As the employer of the of the employee, the Defendant COSTCO is vicariously liable for the conduct of its employees.

69. Therefore, the Plaintiff seeks damages for the injuries suffered from chemical burns, for pain and suffering, and for damages to his property.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

**<u>COUNT VI: NEGLIGECE AGAINST DEFENDANT CLOROX</u>**

70. Plaintiff incorporates by reference paragraphs 8-22 of this Complaint as if fully reinstated herein.

71. The Defendant CLOROX at minimum owed Plaintiff a duty of reasonable care when it manufactured and distributed packaged bleach for sale.

72. A reasonable employer would not have permitted damaged goods to be distributed for sales across its sales network.

73. Defendant CLOROX breached that duty of reasonable care by allowing its employees to damage goods during manufacture or transport and then permit those same goods to be distributed to Costco for sale the consumers.

74. Defendant CLOROX could reasonably foresee the risk of damaging containers during manufacture or transport that contain dangerous chemicals and then sending them Costco for sale.

75. The Plaintiff's injury was a direct result of being sold a damaged bleach container that was damaged during either manufacture or transport and delivered to Costco for sale to the Plaintiff.

76. Therefore, the Plaintiff seeks damages for the injuries suffered from chemical burns, for pain and suffering, and for damages to his property.

**COUNT VII: VICARIOUS LIABILITY AS TO DEFENDANT CLOROX**

77. Plaintiff incorporates by reference paragraphs 8-22 of this Complaint as if fully reinstated herein.

78. Defendant CLOROX's employees owed the Plaintiff a duty of reasonable care.

79. Defendant CLOROX's employee breached this duty when they damaged the bleach container during manufacture or transport and then proceeding to allow Costco to take possession of the damaged bleach container for sale.

80. A reasonable employee would not have damaged a bleach container during manufacture or transport and then allow it to be deliver to Costco for sale to customers.

81. The injuries suffered by the Plaintiff was a direct result of a CLOROX employee damaging the bleach container during manufacture or transport and still delivering it to Costco for sale to consumers.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

82. The employee should have reasonably foreseen that a damaged bleach package could injure the Plaintiff and cause chemical burns since the bleach packages were delivered to Costco for sale to consumers.

83. The Defendant CLOROX's employees were negligent when they damaged the bleach container during manufacture or transport and proceeded deliver the bleach container to Costco for sale.

84. The Defendant CLOROX's employees damaging of the bleach container during its manufacture or transport and then delivering to Costco for sale was in course of business for the Defendants' employee.

85. As the employer of the of the employee, the Defendant CLOROX is vicariously liable for the conduct of its employees.

86. Therefore, the Plaintiff seeks damages for the injuries suffered from chemical burns, for pain and suffering, and for damages to his property.

WHEREFORE, Plaintiff prays for judgment against the Defendants and for such other and further relief as may be proper and also demands Trial by Jury.

DATED this 1st day of July, 2025.

s/ Tyler Andrew Trumbach
Tyler Andrew Trumbach, Esq.
FL Bar No.: 1004233
Law Offices of Tyler A. Trumbach, P.A.
3400 Lakeside Drive, Suite 100
Miramar, FL 33027
Phone: (561) 312-1416
Email: ttrumbach@trumbachlaw.com

s/Michael McQuaide
Michael McQuaide, Esq.
Florida Bar No. 33628
McQuaide Law Firm, P.A.
110 SE Sixth Street, Suite 1700



NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

Fort Lauderdale, FL 33301
Phone: (954) 256-6330
Email: mike@mcq.law

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY